IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 1 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-02463-ZLW

BENAD ABIODUN,

    Plaintiff,

v.

MARIO R. ORTIZ,
JANET GIBSON,
GREG JENSON,
TONY ROCCO, and
DEPARTMENT OF HOMELAND SECURITY,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Benad Abiodun has filed *pro se* on January 25, 2007, a "Motion for Reconsideration" asking the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on December 20, 2006. The Court must construe the motion to reconsider liberally because Mr. Abiodun is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Abiodun's motion to reconsider in this action, which was filed more than ten days after the Court's December 20, 2006, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

In his complaint in this action Mr. Abiodun claimed that immigration officials violated his constitutional rights when they denied his application for naturalization. The Court dismissed the instant action without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because Mr. Abiodun may not recover damages for claims that necessarily invalidate the result of an administrative proceeding. Although the Court perceived that Mr. Abiodun was challenging his final order of removal rather than the denial of his application for naturalization, the same logic applies in either case. Mr. Abiodun may not recover damages for his constitutional claims unless and until he invalidates the result of the administrative proceeding. He has not done so. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration" filed on January 25, 2007, is denied. It is

FURTHER ORDERED that the "Request for an Attachment" filed on January 25, 2007, is denied as moot because the requested attachment already has been mailed to Mr. Abiodun.

DATED at Denver, Colorado, this 30 day of Jan, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02463-BNB

Benad Abiodun
Prisoner No. J5636
Aurora/ I.C.E. Processing Center
11901 E. 30th Ave.
Aurora, CO 80010-1525

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals on __1-31-07__

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                         Deputy Clerk